# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA D. SKIRPAN,                :

                                :       **Civil Action No. 1:07-cv-1703**

          **Plaintiff**          :

                                :       **(Chief Judge Kane)**

**v.**                        :

                                :

**PINNACLE HEALTH**        :

**HOSPITALS,**               :

                                :

          **Defendant**       :

## <u>MEMORANDUM ORDER</u>

Presently pending before the Court is the report and recommendation of Magistrate Judge

Carlson (Doc. No. 71) addressing Defendant's motion for summary judgment (Doc. No. 34).

Also before the Court are Plaintiff's objections to the report and recommendation (Doc. No. 74)

and Defendant's response (Doc. No. 76). The Court will adopt the report and recommendation

in full, but will briefly address Plaintiff's objections.[1]

This case concerns a civil action in which Plaintiff has alleged claims under Title VII of

---

[1]The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

        Defendant contends that Plaintiff failed to comply with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Local Rule 72.3 on grounds that Plaintiff failed to specifically identify the portions of the proposed findings, recommendation, or report to which objection is made and the basis for such objection. (Doc. No. 77 at 7.) Therefore, Defendant argues, the Court need not conduct a *de novo* determination because Plaintiff's objections are not specific. (Doc. No. 77 at 8); <u>see</u> <u>also</u> <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984). While it is true that Plaintiff's objections to Magistrate Judge's report and recommendation simply states that Plaintiff objects "on grounds that the Magistrate Judge should have ruled against summary judgment in favor of Defendants because there are outstanding material factual issues" (Doc. No. 74 at 1), Plaintiff's briefs (Doc. Nos. 75, 78, 79) outline her objections with sufficient specificity that, in the interest of justice, the Court will make a *de novo* consideration of the objections.

the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); the Civil Rights Act of 1991, 42 U.S.C.

§ 1981(a); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; the

Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; and the Pennsylvania

Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. Plaintiff was employed by Defendant as

an Operating Room nurse at Harrisburg Hospital. On December 13, 2005, Plaintiff's

employment was terminated for violating the hospital's Corrective Action Policy when she

refused to follow the instructions of her supervisor and refused to accept an on-call job

assignment. Plaintiff filed this present action asserting that her termination was the result of

employment discrimination.

The factual details and legal standards governing Defendant's motion for summary

judgment are comprehensively set forth in Judge Carlson's report and need not be reproduced

here. In his report, Judge Carlson recommends that Defendant's summary judgment motion be

granted in full. (Doc. No. 71 at 28.) Specifically, Judge Carlson found that Plaintiff's claims

under Title VII, 42 U.S.C. § 1981(a), the ADEA, and the PHRA should be dismissed, both

because Plaintiff abandoned these counts by failing to actively contest Defendant's summary

judgment argument, and because Defendant demonstrated that it is entitled to judgment on these

claims as a matter of law. (Id. at 12.) Judge Carlson also recommended that Plaintiff's FMLA

claims be dismissed as meritless. (Id. at 20.) Finally, Judge Carlson found that Plaintiff failed to

properly assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101

and therefore declined any invitation to address the merits of an uncharged cause of action. (Id.

at 26.)

Plaintiff's first objection is that Judge Carlson incorrectly found that she failed to

properly assert a claim under the ADA. (Doc. No. 75 at 6; Doc. No. 79 at 8.) As Judge Carlson correctly noted, Plaintiff has not asserted a claim under the ADA in her complaint. (Doc. No. 71 at 24.) Instead, Plaintiff first offered the argument that Defendant should be held liable under the ADA in her brief in opposition to Defendant's motion for summary judgment. (Doc. No. 56.) As recognized by Judge Carlson, "it is axiomatic that a complaint may not be amended by a plaintiff through a brief." (Doc. No. 71 at 25); see also Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). Therefore, the Court finds no error in Judge Carlson's finding that Plaintiff failed to properly assert a claim under the ADA.

Plaintiff next objects to Judge Carlson's recommendation of dismissal of Plaintiff's remaining state law claims. (Doc. No. 75 at 8.) These claims appear to be made under the PHRA. Plaintiff is correct in asserting that the decision to dismiss Plaintiff's state law claims is at the discretion of the Court. 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction); see also Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976) ("If it appears that the federal claim . . . could be disposed of on a motion for summary judgment . . . the court should ordinarily refrain from exercising [supplemental] jurisdiction in the absence of extraordinary circumstances."). The Court finds no error in Judge Carlson's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff also objects to Judge Carlson's assertion that Plaintiff's disability was temporary in nature, therefore precluding her from sustaining a disability claim under the PHRA. (Doc. No.

75 at 10.)  Because the Court declines to exercise supplemental jurisdiction on Plaintiff's

remaining state law claims, it need not reach this issue.

Plaintiff's fourth objection is that outstanding issues of material fact remain.  (Doc. No.

75 at 9; Doc. No. 79 at 3.)  A *de novo* consideration of this argument leads the Court to conclude

that Plaintiff's objection is without merit.  The Court finds no error in Judge Carlson's

conclusion that summary judgment is warranted because there is no genuine issue as to any

material fact and Defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

Plaintiff's final objection appears to take issue with Judge Carlson's finding that

Plaintiff's retaliation claim under the FMLA fails as a matter of law.  Plaintiff alleges that her

termination was related to her need for future FMLA leave to undergo surgery.  To make out a

prima facie case under the FMLA, a plaintiff must demonstrate that: (1) she is protected under

the FMLA as an eligible employee, (2) she suffered an adverse employment action, and (3) the

adverse employment action was causally related to the plaintiff's exercise of her FMLA rights.

Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508 (3d Cir. 2009) (citing Conoshenti v. Pub.

Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004)).  In support of the first prong, Plaintiff

must put forth evidence that she was employed:

> (i) for at least 12 months by the employer with respect to whom leave
> is requested under section 2612 of this title; and
>
> (ii) for at least 1,250 hours of service with such employer during the
> previous 12-month period.

29 U.S.C. § 2611(2)(A).

Judge Carlson found that Plaintiff's retaliation claim under the FMLA failed as a matter

of law because she failed to satisfy the first and third prongs of a prima facie case.  (Doc. No. 71

at 23.)  Preliminarily, Judge Carlson correctly recognized that Plaintiff failed to offer any

evidence to show that she worked the 1,250 hours required to receive FMLA protection for her

retaliation claim.  Accordingly, without pleading the minimal requirement of eligibility under the

FMLA, a Plaintiff's claim under the Act must fail.  <u>McInerney v. Moyer Lumber and Hardware,</u>

<u>Inc.</u>, 244 F. Supp. 2d 393, 400 (E.D. Pa. 2002) (citing <u>Reddinger v. Hosp. Cent. Servs.</u>, 4 F.

Supp. 2d 405, 410-11 (E.D. Pa. 1998)).

However, Plaintiff now contends that she would have worked the requisite 1,250 hours

by the time she underwent her future intended surgery "in a year or so" and therefore would have

received protection under the Act.  Plaintiff argues that an employee cannot be barred from

bringing a retaliation claim under the FMLA if the 1,250-hour requirement would be satisfied by

the time the leave is actually taken, even when the employee has worked less than the required

hours in the year prior to the request.  (Doc. No. 79 at 6, 7.)  <u>See</u> <u>Reynolds v. Inter-Industry</u>

<u>Conference on Auto Collision Repair</u>, 594 F. Supp.2d 925, 929 (N.D. Ill. 2009). Even if Plaintiff

is correct in her argument and has created a question of material fact on this point, Plaintiff's

retaliation claim under the FMLA still fails as a matter of law because she has not satisfied the

third prong of her prima facie case. Specifically, Plaintiff failed to offer any evidence to support

a causal connection between her termination and her need for future FMLA leave.  Therefore,

Plaintiff's fifth and final objection fails.

**AND NOW,** on this 10th day of September 2010, upon consideration of Magistrate

Judge Carlson's report and recommendation (Doc. No. 71) and Plaintiff Lisa D. Skirpan's

objections thereto (Doc. No. 74), **IT IS HEREBY ORDERED THAT**:

1.      Plaintiff Skirpan's objections to the report and recommendation (Doc. No. 74) are
        **OVERRULED**.

2. Magistrate Judge Carlson's report and recommendation (Doc. No. 71) is **ADOPTED**.

3. Defendant's motion for summary judgment (Doc. No. 34) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant as to all federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; all state law claims are **DISMISSED** without prejudice.

4. The Clerk of Court is directed to close the case.


         S/ Yvette Kane
         Yvette Kane, Chief Judge
         United States District Court
         Middle District of Pennsylvania